UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN YOST,

            Plaintiff,

vs.                             Case No. 2:09-cv-28-FtM-29DNF

STRYKER CORPORATION, STRYKER SALES
CORPORATION, HOWMEDICA OSTEONICS
CORP, doing business as Stryker
Orthopaedics, STRYKER CORPORATION OF
MICHIGAN,

            Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Dismiss All Claims (Doc. #56) filed on April 21, 2010. Defendants filed a Response (Doc. #58) on April 23, 2010. Pursuant to an Order (Doc. #59), plaintiffs filed a Reply (Doc. #60) on April 30, 2010.

**I.**

On or about March 11, 2009, Stephen Yost (plaintiff or Yost) filed an Amended Complaint (Doc. #11) regarding his Trident PSL Acetabulum hip prosthesis. Plaintiff's hip prosthesis was designed, manufactured and marketed by Defendant Howmedica Osteonics Corporation d/b/a Stryker Orthopedics (HOC). (Id. at ¶ 11.) Plaintiff alleged that on or about January 19, 2005, the prosthesis began to squeak and cause increasing pain over time. (Id. at ¶ 12.) In his First Amended Complaint, Yost alleged five

theories of products liability: strict product liability (Count I), negligence/wantoness (Count II), breach of express warranty (Count III), breach of implied warranty of merchantability (Count IV), and breach of implied warranty of fitness for a particular purpose (Count V). Each of the counts alleged Florida common law and statutory authority to demonstrate the plaintiff's entitlement to relief. On or about March 23, 2010, the Court dismissed without prejudice plaintiff's First Amended Complaint because as pled plaintiff's claims were preempted since plaintiff did not sufficiently allege that defendants violated federal law. (Doc. #52.) The Court granted plaintiff leave to file a Second Amended Complaint. (Id.)

On or about, April 14, 2010, plaintiff filed a Second Amended Complaint (Doc. #53), alleging that plaintiff's hip prosthesis was adulterated and subject to a FDA recall. (Id. at ¶¶ 7-8.) As a result of the implantation of the defective device, defendants violated federal law. In the Second Amended Complaint, plaintiff alleged the same five theories of product liability. (Id. at ¶¶ 45-76.)

Prior to the Court's issuance of the March 23, 2010 Opinion and Order, defendants filed a Motion for Hearing/Status Conference. (Doc. #48.) Defendants requested a status conference because the deadline for expert disclosures had passed and plaintiff had failed to disclose any expert witnesses to support his claim for product defect. (Id.) After review of the file and the Second Amended

Complaint, the Court granted the motion and decided to conduct a status conference. (Doc. #54.) Five days prior to the scheduled status conference, plaintiff filed the instant motion to dismiss all claims. (Doc. #56.)

**II.**

Plaintiff seeks to voluntarily dismiss the Second Amended Complaint without prejudice, but defendants object. Plaintiff has an absolute right to a voluntary dismissal <u>before</u> an Answer or Motion for Summary Judgment is filed. <u>See</u> FED. R. CIV. P. 41(a)(1)(A)(i); <u>Matthews v. Gaither</u>, 902 F.2d 877, 880 (11th Cir. 1990)(collecting cases). Otherwise, a stipulation of dismissal is required, FED. R. CIV. P. 41(a)(1)(A)(ii), or a dismissal by the Court on terms that it considers proper, FED. R. CIV. P. 41(a)(2).

Defendants object to the request to dismiss without prejudice, asserting that the suit is meritless. Defendants argue that dismissal should be with prejudice, or the motion should be denied and the case allowed to proceed to trial.

Upon review of all the filings, the Court finds that the voluntary dismissal should be granted, and that the dismissal should be without prejudice. Although the Court declines to impose attorney's fees as a term or condition of dismissal, the Court will dismiss the case subject to FED. R. CIV. P. 41(d).[1]

---

[1]Under Federal Rule of Civil Procedure 41(d),

If a plaintiff who previously dismissed an action in any
(continued...)

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Dismiss All Claims (Doc. #56) is **GRANTED** subject to the following condition: If plaintiff files an action in any court based on, or including, the same claim or claims against defendants, plaintiff shall pay all of the costs to date of this action as they relate to defendants. The Clerk shall enter judgment accordingly, terminate all deadlines and motions as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of May, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[1](...continued)
court files an action based on or including the same claim against the same defendant, the court:

> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.